Mr. Chief Justice Sharkey
delivered the opinion of the court.
Jamison instituted an action of trover in the circuit court of Simpson county, for the recovery of a negro man. Welch pleaded specially, that an attachment had been issued in January, 1831, in his favor against Jamison, for the sum of ten dollars and thirty-five cents, returnable before a justice of the peace. That the attachment was levied on the negro by the deputy sheriff, who placed the negro in his possession as an agent and servant of the said deputy for that particular purpose, for safe keeping, until the return day of the attachment. The plea further avers, that on the 7th day of February, 1831, the attachment was returned, and the justice rendered judgment against Jamison for the sum demanded. That it was further ordered, that the negro be sold for the satisfaction of the judgment and costs, and the plea concludes by averring “that Welch held the negro by virtue of the writ of attachment and levy, and by virtue of the judgment and order of court,” as the servant and agent, for the purpose aforesaid, as he lawfully might do.
To this plea there was a demurrer, Avhich was sustained, re-spondeat ouster awarded, and the general issue pleaded, on which Jamison obtained a verdict. I think the plea objectionable in several respects. First, the party justifies in the latter part of it, by virtue of the attachment and levy, and also by the judgment or order of the court. Now from this allegation it is impossible to ascertain, with precision, whether he relies on the delivery by the deputy sheriff, or the order of court; both are brought in as an excuse, but it is clear that they present, instead of a single point, two distinct traversible points, and no issue could be taken without violating an essential rule in pleading. In the preceding part of the plea, a holding as the servant of the deputy sheriff who had levied the attachment, is set up, and so long as the attachment remained unreturned, such possession might have been' effectual if the deputy had any power to appoint an agent or servant for that purpose, but it does not appear whether this possession was continued, or whether second delivery by the sheriff was made after the judgment. Secondly, There is evidently an *162 attempt to justify under the order of the court. Now the court had no other power than to order an execution on the judgment, under which the property, which the law considered in the hands of the sheriff, might have been sold. If, therefore, the plea be true, and the court ordered the plaintiff in error to keep possession of the property, such order would be no justification to him, because the justice had no such power. Justices of the peace have but a limited jurisdiction, and the law, sanctioned by the best reasons, does not allow them to transcend their powers.
Thirdly, There is nothing to show how long this possession was to continue, or when it was to terminate. Can it be possible that the attachment vested unlimited power in the deputy sheriff in regard to the keeping of this property? If so, he could have kept it in the possession of Welch, until a sufficient charge had accumulated to cover the value of it. Welch was the plaintiff in attachment, and could entertain no apprehension of losing his debt while he had possession of the negro out of which it was to be levied. So long as the negro was profitable, he could prevent the sheriff from selling. If such a defence be good now, it would also be good at the end of five years.
I am not aware that a deputy sheriff has any right to appoint agents. He derives his authority from the sheriff, to whom the power is expressly given by statute; but no power is given to the deputy to appoint agents or servants, and the facts disclosed in the present case, afford a powerful admonition against the assumption by inferior officers, of powers not granted.